**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHERYL MANSFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:17-cv-02480 |
| | ) | |
| **BRUMBAUGH & QUANDAHL, P.C.**, | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| Secretary of State | ) | |
| 600 W. Main St. | ) | |
| Jefferson City, MO 65102 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Cheryl Mansfield, by and through her undersigned counsel, and brings this action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) ("FDCPA"), against Defendant Brumbaugh & Quadahl, P.C. and in support thereof states to the Court the following:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a natural person, a citizen of Missouri, and resident of St. Louis County, Missouri.

2.     Defendant is a foreign for-profit corporation, organized and existing under the laws of Nebraska.  As of March 30, 2017, its right to carry on business in Missouri was administratively dissolved or revoked for failing to comply with Section 351.484 or 351.598.

3.     Defendant can be served in care of the Missouri Secretary of State.

4.      This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendant directed its illicit collection activity at Plaintiff in St. Louis County, Missouri, within the Eastern District of Missouri.

5.      Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

6.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendant's collection conduct occurred in or was directed at Plaintiff in the Eastern District of Missouri.

## FACTS

7.      On September 15, 2016, Defendant filed a collection suit against Plaintiff in the Circuit Court of St. Louis County, Missouri case number 16SL-AC24120 on behalf of its client Barclays Bank Delaware.

8.      The debt arose from a credit card that Plaintiff obtained and used for personal and nonbusiness purchases.

9.      Within the collection Petition, Defendant claimed that Plaintiff owed a past due amount of $4,357.75.

10.     Defendant served Plaintiff with a copy of the Petition on October 3, 2016, and the collection suit was set for trial just one month later on November 3, 2016.

11.     However, shortly before trial, Defendant sent Plaintiff a collection letter in the mail dated October 27, 2016, a true and accurate copy of which is attached hereto as **Exhibit 1**.

12.     Within its collection letter, Defendant stated that it was willing to resolve the matter "cordially" if Plaintiff remitted payment to its office via mail or through its online payment system.

13.    Defendant instructed Plaintiff to pay the increased amount of $4,446.10 which, according to Defendant, "[m]ay not include interest if accruing."

14.    From the face of Defendant's letter, Plaintiff did not know whether the balance due on her debt was $4,446.10 or some higher, unknown amount due to interest that may or may not be accruing.

15.    In actuality, Defendant did not – and never intended – on assessing pre-judgment interest on Plaintiff's account.

16.    Defendant did not seek pre-judgment interest within its collection Petition and, therefore, was precluded under Missouri law from obtaining such an award against Plaintiff.

17.    Notwithstanding this fact, Defendant included the statement regarding the potential accrual of interest in an effort to coerce Plaintiff into immediately paying her debt out of the concern that she may owe a higher amount if she delayed any further.

18.    By informing Plaintiff that she may owe a higher amount due to interest that may be accruing, Defendant threatened action that it did not intend to take and misrepresented the amount, character, and legal status of Plaintiff's debt, in violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A). *See Ruge v. Delta Outsource Grp., Inc.*, No. 15 CV 10865, 2017 WL 959017, at *2 (N.D. Ill. Mar. 13, 2017) ("The letter implied that adding interest was a possible outcome of [Defendant's] debt collection. The conditional nature of the language at issue does not save it from the misleading impression that additional interest debt was possible, when the truth is that [Defendant] was never going to assess interest against [Plaintiff]."); *see also Balke v. All. One Receivables Mgmt., Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653, at *6 (E.D.N.Y. June 19, 2017).

19.     Plaintiff called Defendant on November 29, 2016 at the phone number it provided within its collection letter to determine the exact amount she purportedly owed.

20.     During the November 29, 2016 phone conversation, Defendant admitted that Plaintiff's debt was not, in fact, accruing interest despite its misleading disclosure within the October 27, 2016 collection letter.

21.     Rather, according to Defendant, the amount of Plaintiff's debt had increased from the collection Petition ($4,357.75) to the amount listed within the subsequent collection letter ($4,446.10) due to "legal fees" and "costs" that Defendant had incurred.

22.     This was false.

23.     Contrary to Defendant's representations, there were no court costs or attorney's fees were due and owing as of November 29, 2016.

24.     Under Missouri law, no court costs are owed unless and until there is a judgment entered in favor of a prevailing party *and* the circuit clerk taxes a bill of costs.

25.     As of November 29, 2016, there was no judgment, much less an award of attorney's fees and/or a bill of costs that would have permitted Defendant to assess and collect court costs or attorney's fees.

26.     Defendant was never the prevailing party given that it subsequently dismissed its own lawsuit on January 4, 2017 after Plaintiff retained an attorney to defend her against the collection suit.

27.     Despite the fact that Defendant was not authorized to assess attorney's fees that were not awarded by the court and/or court costs that were not yet taxed by the clerk, Defendant unilaterally and extra-judicially included court costs and attorney's fees in the balance due it provided to Plaintiff.

28.     Defendant's conduct as recited herein caused Plaintiff a concrete injury by misleading her and causing her confusion as to amount and legal status of her debt and by creating a risk of harm that she would pay an amount that she did not owe and/or an amount that Defendant was not attempting to collect.

29.     Defendant's misrepresentations and other unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

30.     Defendant's collection attempts have also caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry.  Plaintiff will not seek these actual damages except in the event no class is certified.

## CLASS ALLEGATIONS

31.     It is Defendant's routine practice to violate the FDCPA by sending collection letters that include an amount for attorney's fees and/or costs before those sums are actually awarded.

32.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class consists of the following persons:

a.  All persons Defendant has on record as owing a consumer debt (1) where Defendant sent a collection letter to such person to collect a consumer debt; (2) after having filed a lawsuit against the consumer; (3) where such person possessed a Missouri postal address (4) during the one-year period prior to the filing of Plaintiff's Complaint (5) which included an amount for attorney's fees or court costs; and (6)

where attorney's fees and court costs were not awarded as of the date

of the letter.

33.    Members of the class are so numerous that joinder is impracticable.  Based on Plaintiff's research of complaints from other consumers, Defendant is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

34.    Upon information and belief, Defendant has engaged in the improper collection tactic described above with at least one hundred Missouri consumers.

35.    Plaintiff is a member of the class she seeks to represent.

36.    There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

37.    Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to Defendant's interests.  Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.

38.    Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

39.    A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

40.    Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

41.    The purposes of the FDCPA will be best effectuated by a class action.

42.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

43.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

44.     Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

45.     Four common questions of law and fact predominate over all individual questions of the class.  The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Defendant sent collection letters to the class after having filed a lawsuit against the class members that added attorneys' fees and/or costs to the balance owed; and (4) attorneys' fees and/or costs were not awarded as of the date of the letter.

46.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

47.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

48.     All class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual class members is calculable and ascertainable.

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

49.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

7

50.     Defendant engages in business the principal purpose of which is the collection of debts, and it regularly attempts to collect debts alleged to be due another.  Defendant collects debts from consumers using the mail, telephone, and legal process.

51.     Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

52.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

53.     In its attempts to collect the alleged debt from Plaintiff and the Class as defined herein, Defendant has committed multiple violations under the FDCPA, including, but not limited to:

a.     Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

b.     Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

54.     In its attempts to collect the alleged debt from Plaintiff Cheryl Mansfield, Defendant has committed additional violations under the FDCPA, including, but not limited to:

55.     Falsely representing the amount and character of Plaintiff's alleged debt within the October 27, 2016 collection letter by misstating that interest may accrue on the debt when, in fact, there was no such interest accruing, in violation of 15 U.S.C. § 1692e(2)(A); and

56.     Threatening action Defendant was not legally authorized to take and/or did not intend to take, including that it was going to assess and collect interest on Plaintiff's debt, in violation of 15 U.S.C. § 1692e(5).

57.    Plaintiff will not seek recovery for these additional, individualized violations except in the event no class is certified.

58.    Defendant's collection attempts also have caused Plaintiff to incur actual damages including but not limited to the attorney's fees she incurred in having an attorney enter in the underlying collection suit after Defendant sought unawarded attorney's fees and court costs from her, time and expenses incurred in preparing and filing legal pleadings, and anxiety, frustration, and worry.

59.    Plaintiff will not seek recovery for these actual damages except in the event no class is certified.

60.    In addition to these actual damages, Plaintiff and the Class members suffered additional concrete injuries when Defendant's above-described conduct misled them regarding the actual amount Defendant was attempting to collect and when Defendant caused a risk of harm that Plaintiff and the Class members would overpay for an amount they did not legally owe.

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed class, that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that judgment be entered against Defendant for:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages only in the event that no class is certified;

C.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.    For such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ _____

Bryan E. Brody, #57580MO
Alexander J. Cornwell, #64793MO
7730 Carondelet Avenue, Suite 135
Saint Louis, MO  63105
314.932.1068 / fax: 314.228.0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiff*